UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STACIE M. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-CV-213-DCP |
| | ) | |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal

Rules of Civil Procedure, and the consent of the parties [Doc. 11].

On November 24, 2020, the Court entered an Order [Doc. 9], setting forth a briefing

schedule in this matter.  Plaintiff was ordered to file a dispositive motion and brief in support

within forty-five (45) days of the Court's Order.  On June 11, 2021, the Court entered an Order to

Show Cause [Doc. 12], directing Plaintiff to show cause on or before June 18, 2021 for the failure

to file a dispositive motion and brief in support as directed by the briefing schedule.  The deadline

has passed with no response.

Pursuant to Federal Rule of Civil Procedure 41(b), courts have inherent power to dismiss

an action due to a plaintiff's failure "to prosecute or to comply with these rules or a court order."

*See Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district

court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of

dismissal.") (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)).  "The power to invoke this

sanction is necessary in order to prevent undue delays in the disposition of pending cases and to

avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629.  Courts consider

the following four factors in determining whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.*

In the present matter, the Court finds that the record demonstrates delay and contumacious conduct by Plaintiff. The Court previously ordered Plaintiff to show cause as to why the case should be dismissed for the failure to properly effect service on October 16, 2020. [Doc. 3]. Plaintiff's counsel subsequently filed a Response [Doc. 4] stating that he believed that the United States Marshals Service would be serving all parties. The Court subsequently found that regardless of whether good cause had been shown, Plaintiff should be granted additional time to properly effect service. [Doc. 5]. However, Plaintiff has again failed to comply both with an order of the Court or respond to the most recent Order to Show Cause [Doc. 12].

The Court finds that Plaintiff has been given ample time to prosecute her case and has failed to comply with the Court's deadlines. The Commissioner was required to respond to Plaintiff's Complaint, as well as compile the Certified Administrative Record [Doc. 7] in this case. Additionally, Plaintiff was previously warned that the failure to prosecute her cause would result in dismissal through the Court's initial Order to Show Cause [Doc. 3]—which Plaintiff's counsel responded to and received an extension of time to complete service. Plaintiff was required to file

a dispositive motion by January 8, 2021 under the Court's Order [Doc. 9], and Plaintiff has failed

to prosecute her case, follow the Court's scheduling deadlines, or respond to the Court's orders.

Given Plaintiff's repeated failure to meet the deadlines imposed by the Court, as well as

her failure to respond to the June 11, 2021 Order to Show Cause [Doc. 12], the Court finds that

the only appropriate sanction is dismissal.[1]   Accordingly, Plaintiff's Complaint [**Doc. 1**] will be

**DISMISSED** without prejudice.  The Clerk of Court will be directed to **CLOSE** this case.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

---

[1] Moreover, the Court notes that the Plaintiff "bears the burden of proving [her] entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).  Without a dispositive motion setting forth the alleged errors the Commissioner has committed in denying her application for benefits, with citation to the record to support factual allegations [Doc. 7], the Court cannot undertake a meaningful review of the decision on appeal.